**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**

900 THIRD AVENUE

NEW YORK, NEW YORK 10022-4775

(212) 508-6700

FACSIMILE: (212) 371-1084

Writer's Direct Dial: (212) 508-6723
E-mail: singer@thsh.com

December 22, 2011

**VIA FEDEX**
Honorable Cathy Seibel
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: *Christoff v. Saturn Business Systems, et al.*, 10 Civ. 8505 (CS) (LMS)

Dear Judge Seibel:

We represent all of the Defendants in this action and submit this letter pursuant to Rule 2(A) of Your Honor's Individual Practices to request that the upcoming conference on January 6, 2012 be a pre-motion conference, as Defendants intend to move for summary judgment on all of Plaintiff's claims. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. ("NYSHRL") for sex discrimination, unequal terms and conditions of employment, and unlawful retaliation. (*See* Compl. at 1-4.) As discussed below, discovery is virtually complete and it is clear that there are no issues of material fact that need to be resolved at trial and that Defendants are entitled to judgment as a matter of law. Plaintiff's claims are based on conjecture and she has completely failed to uncover any evidence upon which Plaintiff could rely at trial.[1]

Title VII and the NYSHRL protect individuals from discriminatory employment practices based on sex. In determining whether an employer has engaged in unlawful sex discrimination under Title VII, courts apply the burden-shifting framework set out by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See DeMarco v. Stoney Brook Clinical Practice Management Plan*, 348 F. App'x 651 (2d Cir. 2009).[2]

---

[1] This letter is not intended to be exhaustive of Defendants' arguments in defense of this action due to the three (3) page limit.

[2] We note that the McDonnell Douglas framework also applies to claims made under the NYSHRL. *See, e.g., Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 n.1 (2d Cir. 2000).

---

*Handwritten endorsement by the Court:*

Defendant's proposed motion to be discussed at 1/6/12 conference. Plaintiff may respond to this letter, by letter not to exceed 3 pages, by 1/3/11. Also, to clarify - Plaintiff's motion to amend to add IBM as a defendant is denied without prejudice. IBM need not oppose it, but may submit a letter (not to exceed 3 pages) by 12/30/11 stating its position, to which Plaintiff may reply by letter not to exceed 3 pages, by 1/4/11. The 1/6/12 conference will be a pre-motion conference with respect to Plaintiff's motion to amend and Defendant's motion for summary judgment. IBM should attend. Defendant's counsel is requested to forward this endorsement to counsel for IBM.

So Ordered.

Cathy Seibel
USDJ
12/27/11

TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

"First, the plaintiff must establish a prima facie case of unlawful discrimination by showing that (1) she is a member of a protected class (2) who performed her job satisfactorily (3) but suffered an adverse employment action (4) under circumstances giving rise to an inference of discrimination." Forde v. Beth Israel Medical Ctr., 546 F. Supp. 2d 142, 149 (S.D.N.Y. 2008).

If the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the employment decision. Forde, 546 F. Supp. 2d at 150. "If the employer articulates a non-discriminatory reason for its actions, the presumption of discrimination is rebutted." Id.

Finally, the burden shifts back to the plaintiff who has the ultimate burden to prove by a preponderance of the evidence that the proffered legitimate reason for the defendant's actions was not its true reason, but was a mere pretext for discrimination. Watson v. Paulson, 578 F. Supp. 2d 554, 562-63, 566 (S.D.N.Y. 2008) (holding that the plaintiff "has failed to produce sufficient evidence to support a finding that the legitimate, [non-discriminatory] reason for [the defendant's action] was false and merely a pretext for unlawful discrimination"), aff'd sub nom. Watson v. Geithner, 355 F. App'x 482 (2d Cir. 2009). Courts carefully distinguish between evidence that gives rise to an inference of discrimination on the one hand, and mere speculation and conjecture on the other hand. A plaintiff will not satisfy her burden where she has presented "nothing beyond bare, unsubstantiated assertions of animus toward her." Jordan v. American Int'l Group, Inc., 725 N.Y.S.2d 232 (2nd Dep't 2001), leave to appeal dismissed, 742 N.Y.S.2d 599 (2002).

Here, Plaintiff makes bald and conclusory allegations that she was terminated as a result of her sex and that she was subject to unequal terms and conditions of employment. Plaintiff, among other things, alleges the following as the basis of her claim: lying about unemployment rights; failure of Defendants to change a Webinar ID to a generic ID; denying access to consult with counsel; theft of information belonging to Plaintiff that resulted in sales for Defendants; bullying by Defendants; failure to reimburse one expense; failure to permit Plaintiff to attend a training seminar; delay in the payment of Plaintiff's last commission check post-termination; and harassment by a co-worker for punching a wall.

However, Plaintiff cannot satisfy her initial burden of proving a prima facie case of sex discrimination because she cannot show that any employment action occurred under circumstances giving rise to an inference of discriminatory intent. In order to show discriminatory intent, Plaintiff may establish that "similarly situated" employees who do not share her protected characteristics were treated preferentially. Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 63-64 (2d Cir. 1997) (claim failed where plaintiff did not show that similarly-situated males were treated differently).

As the facts reflect after discovery, no evidence exists that Defendants acted with discriminatory intent. In fact, the evidence shows either that the alleged conduct did not occur or that the conduct was consistent with company policy or equal with respect to men and women alike. Thus, one cannot infer that Defendants harbored any discriminatory animus against

[951649-4]  2

TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

women.  Accordingly, Plaintiff cannot meet her burden of proving a _prima facie_ case of discriminatory treatment.

Even if Plaintiff could somehow satisfy her burden of establishing a _prima facie_ case of discrimination (which she cannot), Plaintiff would be unable to prove that Defendants' conduct as alleged were a mere pretext for discrimination.

A discrimination plaintiff will not satisfy her burden where she has presented "nothing beyond bare, unsubstantiated assertions of animus toward her." Jordan, 725 N.Y.S.2d at 232. Here, Plaintiff has presented no evidence of any discrimination to rebut Defendants' legitimate reasons for its decision to terminate her employment, and her conclusory statements and bald allegations without any evidentiary support whatsoever that she was discriminated against on the basis of sex are insufficient to support her claims.

Accordingly, Plaintiff cannot carry her burden under Title VII or the NYSHRL of proving that her separation from employment was the result of Defendants' unlawful discrimination on the basis of sex.

Simply put, Plaintiff was treated in the same manner as similarly-situated employees and was terminated due to legitimate business reasons. There are no material issues of fact that will necessitate a trial.

Thank you.

Respectfully,

Andrew W. Singer

cc: Stephanie Christoff (via email)
    stephaniechristoff@yahoo.com

[951649-4]                                3