

Representing Management Exclusively in Workplace Law and Related Litigation

MY DIRECT DIAL (212) 545-4047
MY EMAIL ADDRESS: LAURIK@JACKSONLEWIS.COM

December 28, 2011

**VIA FEDERAL EXPRESS**

Honorable Cathy Seibel
United States District Judge
U.S. District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

        Re:   **Christoff v. Saturn Business Systems/IBM**
                  **Case No. 10 CV 8505 (CS)**

Dear Judge Seibel:

      We are counsel for IBM Corporation ("IBM"). IBM was dismissed from this case on June 17, 2011. This letter is submitted pursuant to the Court's December 27, 2011 Order and sets forth IBM's position on Plaintiff Stephanie Christoff's ("Plaintiff") recent attempts to amend the Complaint "to include IBM due to wage discrimination that resulted from corporate espionage and unfair practices."

## PROCEDURAL HISTORY

      On November 10, 2010, Plaintiff initiated the instant lawsuit against Saturn Business Systems ("Saturn"), IBM, Lou Siegel, and Alan Krieger. The Complaint asserts gender discrimination and retaliation claims that arise out of Plaintiff's employment with Saturn. Plaintiff served IBM with the Complaint in March 2011. By letter dated March 21, 2011, IBM requested a pre-motion conference with Your Honor to seek permission to move to dismiss the Complaint against IBM. In its letter, IBM explained that dismissal of Plaintiff's claims against IBM was appropriate because IBM did not employ Plaintiff during the relevant time period, and therefore cannot be liable under Title VII or the New York State Human Rights Law. On June 17, 2011, the parties appeared for a motion hearing. Your Honor considered IBM's letter as a motion to dismiss, and granted the motion without prejudice.

      On December 1, 2011, Plaintiff filed a Motion to Amend Complaint "to include IBM due to wage discrimination that resulted from corporate espionage and unfair practices."

Case 7:10-cv-08505-CS-LMS   Document 41   Filed 12/29/11   Page 2 of 3



Honorable Cathy Seibel
United States District Judge
December 28, 2011
Page 2

Plaintiff attaches the proposed Amended Complaint to the motion, which alleges the following as the purported basis for each claim against IBM:

- Corporate Espionage – "Klaus Planton was using a threatening tone of voice through my home television that is connected through cable on the morning of 11/22/2011 between 8:30 a.m. and 9:00 a.m., the day of my informal hearing with Judge Smith. This is proof that IBM was overstepping its legal boundaries and engaging in corporate espionage. This also demonstrates that when I was working from home, IBM was illegally accessing my data re: sales, contacts, my earnings etc., potential concepts for patents."

- Unfair Practices – "Yvonne Guest was investing [sic] my claims with the EEOC. I attempted to contact her during my discovery re: if she was related to IBMer, Christine Guest, if so, this would create a conflict of interest re: IBM's involvement in my career. This also creates unfair practices and perpetuates price fixing and unfair practices in the marketplace."

(Docket Entry 36, pg. 17 of 43). As is evident from the allegations, this amendment to the claim would be futile insofar as failing to state a claim against IBM. The Court has denied Plaintiff's motion without prejudice because Plaintiff failed to request a pre-motion conference in advance as required by Your Honor's Individual Practices. The Court has advised that the January 6, 2012 conference will be a pre-motion conference with respect to Plaintiff's Motion to Amend Complaint and Defendant Saturn's Motion for Summary Judgment, and has allowed IBM to submit a letter stating its position.

## ARGUMENT

Where, as here, a proposed amendment adds new parties, the propriety of amendment is governed by Rule 21 of the Federal Rules of Civil Procedure, which states that a party may be added to an action "at any time, on just terms." Fed. R. Civ. P. 21. "[I]n deciding whether to allow joinder under [Rule 21], the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." Smith v. P.O. Canine Dog Chas, Shield No. 170, 02 Civ. 6240, 2004 U.S. Dist. LEXIS 19623 (S.D.N.Y. Sept. 28, 2004) (internal citations and quotations omitted). "[W]here amendment would be futile, denial of leave to amend is proper." In re Tamoxifen, 466 F.3d at 220 (citing Van Buskirk v. N.Y. Times Co., 325 F.3d 87, 91-92 (2d Cir. 2003)). An amendment is futile where the proposed amended complaint would be unable to withstand a subsequent motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See Ormond v. Hosp. of St. Raphael, No. 3:08-CV-00214, 2009 U.S. Dist. LEXIS 112884, *1-3 (D. Conn. Dec. 3, 2009) (citing Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citing



Honorable Cathy Seibel
United States District Judge
December 28, 2011
Page 3

Ashcroft v. Iqbal, 556 U.S.___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))). In Iqbal, the Supreme Court directed courts to adopt a two-pronged approach in applying these principles. First, the court must review the complaint to identify and disregard all conclusory allegations. 129 S. Ct. at 1951. Second, accepting as true the remaining allegations, the court must decide whether, in context, the claim is plausible as a matter of common sense. Id. Here, Plaintiff's proposed claims against IBM would not survive a motion to dismiss under Rule 12(b)(6) because those claims plainly are not plausible on their face.

### A. Plaintiff's Corporate Espionage Claim Against IBM Is Untenable.

The only factual allegations supporting Plaintiff's proposed corporate espionage claim is that "Klaus Planton was using a threatening tone of voice through [Plaintiff's] home television." (Docket Entry 36, pg. 17 of 43). Even if this is true, IBM is aware of no cognizable claim that Plaintiff could bring against IBM based on this purported occurrence.

### B. Plaintiff's Unfair Practices Claim Against IBM Is Unsupportable.

Plaintiff's unfair practices claim against IBM is based upon Plaintiff's assertion that the EEOC investigator and an IBM employee share the same last name. (Docket Entry 36, pg. 17 of 43). Therefore, Plaintiff takes issue with the impartiality and findings of the EEOC investigator. Again, even if the EEOC investigator is related to an IBM employee, IBM is aware of no cognizable claim that Plaintiff could bring against IBM under these circumstances.

\*   \*   \*

Based on the foregoing, IBM respectfully requests that the Court deny Plaintiff the opportunity to re-file her motion to amend the complaint, with prejudice, as amendment would be futile.

Respectfully submitted,
JACKSON LEWIS LLP

Kevin G. Lauri

cc: Dana G. Weisbrod, Esq.
Andrew W. Singer, Esq. (via Federal Express)
Stephanie Christoff (via Federal Express with copies of unreported cases cited herein)