UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Stephanie Christoff, Plaintiff
_____

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

Saturn Business Systems, et. al. , George Pappas, Alan Krieger, Lou
Siegel et. al.
_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 53
DATE FILED: MAR 1 4 2012
```

7:10   Civ. 8505   ( C ) ( S )

## NOTICE OF MOTION

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/12
```

PRO SE OFFICE

**PLEASE TAKE NOTICE** that upon the annexed affirmation of  Stephanie Christoff ,
*(name)*
affirmed on  March 14  , 20 12 , and upon the exhibits attached thereto *(delete if no*
*(date)*
*exhibits)*, the accompanying Memorandum of Law in support of this motion *(delete if there is no*

*Memorandum of Law)*, and the pleadings herein, plaintiff/defendant will move this Court, before
*(circle one)*
Judge Seibel , United States District/Magistrate Judge, for an order
*(Judge's name)*    *(circle one)*
pursuant to Rule _____ of the Federal Rules of Civil Procedure granting *(state what you want the*
*Judge to order)*: An increase dollar amount to damages sought. See attached sheet for explanation. The range
should be $500,000 to $2,000,000. I have made two other attempts to increase damages because $250,000 does
not properly reflect the damages. As a result of Discovery, I have been able to prove that damages should be
more. Copies of the depositions can be provided upon request.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: White Plains , NY        Signature [signature]
        *(city)*   *(state)*      Address   30 Windsor Terrace, 3c
        March 13  , 20 12                  White Plains, NY 10601
        *(month)*  *(day)*  *(year)*
                                Telephone Number  914-471-2799
                                Fax Number *(if you have one)* _____

Motion denied for 2 reasons. First, Plaintiff has not complied with my Individual Practices which require a pre-motion conference before any motion is filed. Second, efficiency is better served by considering this issue only after the mediation process is exhausted and the summary judgment motion is decided. If the case survives summary judgment, Plaintiff may at that time seek a pre-motion conference regarding amending the Complaint to increase the amount of damages sought.

So Ordered.

[signature]
Cathy Seibel, U.S.D.J.

Dated: 3/20/12

Rev. 05/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Stephanie Christoff, Plaintiff

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

7:10 Civ. 8505 ( C )( S )

- against -

**AFFIRMATION IN SUPPORT OF MOTION**

Saturn Business Systems et. al., George Pappas, Alan Krieger, Lou Siegel et. al.

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, Stephanie Christoff *(name)*, **affirm under penalty of perjury** that:

1. I, Stephanie Christoff *(name)*, am the plaintiff/defendant *(circle one)* in the above entitled action, and respectfully move this Court to issue an order Increase to monetary damages sought from defand.
*(state what you want the Judge to order)*

2. The reason why I am entitled to the relief I seek is the following *(state all your reasons using additional paragraphs and sheets of paper as necessary)*: During the deposition, I have successfully proven that discrimination did occur that resulted in wrongful termination of my employment. The attached documentation provides compelling proof and the dollar amount sought to be a minimum of $500,000 to $2,000,000.
This is my second attempt to increase damages that I am seeking to right a wrong.

**WHEREFORE**, I respectfully request that the Court grant this motion, as well as such other and further relief as may be just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: White Plains *(city)*, Ny *(state)*
March 13, *(month)* __ *(day)*, 20 12 *(year)*

Signature
Address  30 Windsor Terrace, 3c
         White Plains, NY 10601
Telephone Number  914-471-2799
Fax Number *(if you have one)*

*Rev. 05/2007*

7:10 Civ. 8505 (C)(S)

## Motion Supporting Documentation Attachment

Damages sought must be greater than profits to Saturn Business Systems for the wrongful termination and harassment of Plaintiff, Stephanie Christoff. Why should Saturn Business Systems financially benefit from harassing their only female outside account manager? Saturn Business Systems engaged in ethics violations and contributed to a hostile work environment while Plaintiff was selling to Lockheed Martin, the largest defense contractor in the U.S.

| Compensatory & Punitive Damages Sought During Mediation: | |
|---|---|
| Falsifying Insubordination | $500,000.00 |
| Plaintiff Prose Fees (not including trial) | $    6,000.00 |
| because I did not have legal council =my time | $  45,000.00 |
| Vacation Time for First two years not taken= ($60K/52 wks=1153.85 per week x 2 wks x 2 years= | $    4,615.38 |
| Lou Siegel was paid $22,500 more in salary During the 4.5 years of Plaintiff's employment @ Saturn Business Systems. | $  22,500.00 |
| Contract does not provide time period stipulation nor Reasonable mileage for me to obtain a position with a more ethical company which led to two years of Industry loss and wages. $250,000 per year x 2= $500,000 | $500,000.00 |
| Upon hiring, SBS did not pay for relocation of Plaintiff. | $    5,000.00 |
| Slander | **$500,000.00** |
| Lockheed Martin Profits after Ms. Christoff's Illegal termination from 12/05/2009 through 2011. | $184,938.00 |
| Loss of work as a result of Manager, George Pappas, falsifying performance reviews when The issue was SBS having financial problems. | $231,946.61 |
| Total Damages Sought from SBS: | $2,000,000.00 |

Manager, George Pappas distortion of the facts and perjury in his deposition are as follows:

Page 36, line 22, George Pappas failed to acknowledge the Plaintiff, Stephanie Christoff's experience as a Software Account Manager at IBM Corporation. Resume that George Pappas used to hire Stephanie Christoff clearly shows that her most recent position at IBM was as a Software Account Manager.

Page 38, line 8 and 9, Mr. Pappas states "You were out of IBM three or four years before your hiring on at Saturn Business Systems." Again, the resume that George Pappas reviewed upon my hiring clearly shows that the Plaintiff's employment at IBM Corporation ended in June of 2004. Again, Manager, George Pappas demonstrates that he distorts the facts and belittles Plaintiff about her work experience. Plaintiff, Stephanie Christoff was hired by Saturn Business Systems on May 1, 2005.

Page 36, line 10, "Dan Fitzgerald was a sales person." He did not perform IBM Software implementations. Stephanie Christoff was already employed at Saturn Business Systems when Dan Fitzgerald was hired by George Pappas. Therefore, Stephanie Christoff and Dan Fitzgerald had the same work experience at IBM. Hence, Stephanie Christoff should not have been denied training especially since was selling the Tivoli product already at Saturn Business Systems.

Page 34, line 3, Plaintiff asked George Pappas the following question, "Do you spend time with him (Lou Siegel) outside work, going to parties?"

    Mr. Pappas answered, "not really."
    Lou Siegel's deposition page 31, line 8, question: "How do you characterize George Pappas, was he a friend or just a business associate?" Page 31, line 11, "He is both." Question, "So he is a friend? "Yes." Responded Lou Siegel. Page 31, line 15, "Do you sepnd time with him (George Pappas) outside of the working hours or do your kids or family members to go parties and do things together?" page 31, line 18 "Yes. Occasionally." This proves that Manager, George Pappas was lying under oath.

E.) George Pappas stated he was not remorseful for his treatment of the Plaintiff in his deposition.

    Depositions available upon request.


*YTD Facts can be provided at the Judge's request.  Facts YTD 03/14/2012:

*Saturn Business Systems owner, Alan Krieger, failed to take action after George Pappas harassed Plaintiff on the job and Plaintiff went to Alan Krieger requesting a new Manager and to work from home.

*Saturn Business Systems failed to provide a written employee evaluation throughout my employment at Saturn Business Systems from May 1, 2005 through December 4, 2009. This is a violation of EEOC.

*Plaintiff has successfully proven that she was the only salaried female employee in her job description/position of a Field Sales Rep/Account Manager at the time of her termination.

*Plaintiff has successfully proven that Defendants lied about her job performance, since there was never a formal evaluation throughout her employment.

*Plaintiff was denied training for Tivoli even though she was working for Saturn Business Systems longer than Dan Fitzgerald and she was already selling the product.

*The Saturn Business Systems contract was written with discrimination, since the noncompete did not stipulate a timeframe nor a mileage and it is preventing me from seeking a comparable job in my professional field.

*Lou Siegel was receiving 30% of gross profit while the Plaintiff was only receiving 25% of gross profit. Also, Lou Siegel was making $5,000 more than plaintiff was per year.

Plaintiff worked for the manufacturer, IBM, prior to her hiring at Saturn Business Systems. Lou Siegel never worked directly for the Manufacturer. Therefore, their experience is comparable, since Plaintiff has an undergraduate business degree in Marketing and a General Business minor and an MBA in Management of which her coursework on strategy was written about IBM. Also, both George Pappas and Lou Siegel are still getting paid commission on Lockheed Martin account for the past two years while, the plaintiff remains unemployed, uninsured, and denied access to the business that she was trained on and that the Plaintiff had spent more than seven years selling to of which nearly three years were spent selling to Lockheed Martin prior to her employment at Saturn Business Systems.

The contracts were not written the same.
*George Pappas was caught lying under oath. The Plaintiff can produce evidence upon request from the court reporter. The Plaintiff still has to review the written deposition. Lou Siegel's undergraduate major was Theater. Plaintiff's major was: BBA in Marketing and BA in Spanish. Plaintiff's Masters Degree was in Management.

Date: March 13, 2012
White Plains, New York

Stephanie Christoff Signature
30 Windsor Terrace, 3C
Address
White Plain,s NY  10601
City, State, Zip

Phone:   914-471-2799

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Stephanie Christoff, Plaintiff

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

Saturn Business Systems et. al., George Pappas, Lou Siegel, Alan Krieger et. al.

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

7:10 Civ. 8505 ( C ) ( S )

**AFFIRMATION OF SERVICE**

I, Stephanie Christoff
*(name)*
, declare under penalty of perjury that I have served a copy of the attached Motion to increase monetary damages sought
*(document you are serving)*

upon Judge Seibel whose address is 300 Quarrapas St,
*(name of person served)*
White Plains, NY 10601 - Pro Se Clerk's office
*(where you served document)*

by Stephanie Christoff-personal delivery
*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: White Plains , NY
       *(town/city)*   *(state)*

       March       14  , 20 12
       *(month)*  *(day)*  *(year)*

Signature: [signed]

30 Windsor Terrace, 3C
*Address*

White Plains, NY
*City, State*

10601
*Zip Code*

914-471-2799
*Telephone Number*

Rev. 05/2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Stephanie Christoff, Plaintiff

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

7:10 Civ. 8505 ( C ) ( S )

- against -

Saturn Business Systems et. al., George Pappas, Lou Siegel, Alan Krieger et. al.

**AFFIRMATION OF SERVICE**

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, Stephanie Christoff
*(name)*
, declare under penalty of perjury that I have served a copy of the attached Motion to increase monetary damages sought
*(document you are serving)*

upon Andrew Singer et. al. -Tannenbaum, Helpern, Syracuse&Hirscht whose address is
*(name of person served)*

900 Third Avenue, New York, New York 10022 Telephone: (212) 508-6700
*(where you served document)*

by Stephanie Christoff-mail
*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: White Plains , NY
*(town/city)* *(state)*

March 14 , 2012
*(month)* *(day) (year)*

*Signature*

30 Windsor Terrace, 3C
*Address*

White Plains, NY
*City, State*

10601
*Zip Code*

914-471-2799
*Telephone Number*

*Rev. 05/2010*