UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEPHANIE CHRISTOFF,

                           Plaintiff,

     - against -

SATURN BUSINESS SYSTEMS, *et al.*

                           Defendants.

---

10-CV-8505 (CS)

**ORDER**

Seibel, J.

     By letter dated October 19, 2012, after she sent this Court a copy of correspondence from her to the Executive Director of the American Civil Liberties Union, Plaintiff was informed by Mr. Giovanni of the *Pro Se* Office that she should refrain from sending to this Court copies of correspondence with other persons or entities. I have now received from Plaintiff, postmarked November 28, 2012, a copy of correspondence from her to the New York District Attorney's Office dated November 28, 2102 and to District Attorney Vance dated October 17, 2012.[1] It is becoming burdensome to Court personnel to process Plaintiff's mailings.

     Accordingly, it is hereby ORDERED that the parties are not to send to the Court copies of correspondence with third parties not before the Court. If after the date of this Order a party sends to the Court copies of correspondence with third parties not before the Court, that party may be subject to sanctions, including but not limited to a monetary sanction, preclusion,

---

[1] Mr. Giovanni sent another letter, dated November 27, 2012, to Plaintiff advising her that the Court had received additional correspondence between her and other persons or entities, that such correspondence should not be submitted to the Court, and that it had been discarded. I presume Ms. Christoff had not received that letter when she sent me her latest correspondence on November 28, 2012.

striking of a pleading or dismissal. Such action could be taken under, for example, the Court's contempt power, Fed. R. Civ. P. 16(f), or Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: November 30, 2011
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.