UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE CHRISTOFF,

                              Plaintiff,

                - against -                            10-CV-8505 (CS)

SATURN BUSINESS SYSTEMS, *et al*.                  **ORDER**

                              Defendants.

Seibel, J.

      Before the Court is Plaintiff's timely Motion under Fed. R. Civ. P. 59(e). (Doc. 102.)[1] I have reviewed the entire Motion and all of its attachments.

      Motions, such as Plaintiff's, that seek reconsideration are assessed under a strict standard "in order to dissuade repetitive arguments on issues that have already been considered fully by the Court." *Ruiz v. Comm'r of the Dep't of Transp. of the City of N.Y.*, 687 F. Supp. 888, 890 (S.D.N.Y.), *aff'd*, 858 F.2d 898 (2d Cir. 1988). Because "[r]econsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources[,]" *R.F.M.A.S., Inc. v. So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (quotation marks and citation omitted), motions for reconsideration are granted only where the moving party is able to point to some controlling decision or other material "that

---

[1] Although Petitioner sent a Notice of Appeal concurrently with the Rule 59(e) motion, arguably divesting this Court of its jurisdiction over the matter, a district court may entertain a motion for reconsideration while a case is on appeal. It may deny the motion or, if it intends to grant it, so indicate to the Court of Appeals. *See* Fed. R. App. Proc. 12.1; *Selletti v. Carey*, 173 F.3d 104, 109 (2d Cir. 1999); *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992).

might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord, e.g., Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Although a court may grant the motion "to correct a clear error of law or prevent manifest injustice," reconsideration should not be granted where the moving party seeks only to relitigate an issue already decided. *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004); *see Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (motion for reconsideration is not a chance for a party to take a "second bite at the apple"). Likewise, a motion for reconsideration is "not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003).

Plaintiff's motion here consists either of the same material the Court has already considered in connection with the parties' motions for summary judgment, or of new material not relating to the claims before the Court in connection with those motions. Denial of Plaintiff's motion is therefore warranted, based on the authorities set forth above. In any event, Plaintiff's complaint is not so much that I overlooked any controlling law or facts; rather, she disagrees with my application of the law to the facts. Such arguments are properly made on appeal rather than via a motion for reconsideration.

Accordingly, the motion is denied. The Clerk of Court is respectfully directed to terminate the pending motion (Doc. 102).

Dated: March 6, 2013
      White Plains, New York

                                                        CATHY SEIBEL, U.S.D.J.